IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs.<br><br>TOMMY CASILLAS-NEGRON<br>Defendant | CRIMINAL NO.: 21-077 (FAB) |

**RESPONSE IN OPPOSITION TO A DETENTION *DE NOVO* HEARING
AND MOTION TO VACATE**

FRANCISCO A. BESOSA
UNITED STATED DISTRICT JUDGE
DISTRICT OF PUERTO RICO

Mr. Tommy Casillas-Negron (Mr. Casillas"), represented by the Federal Public Defender for the District of Puerto Rico, and before the Honorable Court respectfully states and prays:

On April 13, 2021, the prosecutor filed a motion requesting a *De Novo* bail hearing to review U.S. Magistrate Judge Marshal's D. Morgan order granting conditions of release. (Docket No. 23). Two days after, the court granted the prosecutor's petition and set the hearing for April 28th, 2021. (Docket No. 24) Mr. Casillas opposes to the setting of a De Novo hearing because it is based on an impermissible factor and because there is no new evidence that would be provided to the court.

Magistrate Judge Marshal D. Morgan correctly applied the law and followed the recommendation of the Probation Office in the pretrial report. The information provided by the prosecutor as a basis for a new hearing is the same that was provided at the detention hearing. The prosecutor relies heavily on the weight of the evidence, which by itself is an impermissible factor limiting the presumption of evidence. 18 U.S.C. 3142(j).  Furthermore, the weight of the evidence does not equate to dangerousness to the community. No new information about Mr. Casillas

character or history is being provided and no clear and convincing evidence is being provided to the court. Pursuant to 18 U.S.C. 3142(f) the burden is on the prosecution to provide clear and convincing evidence that there are no combination of conditions of release that reasonably assure the appearance of the defendant and the safety of any person and the community. The prosecutor does not cite any case law that allows for a *De Novo* detention hearing and reopening the same. The statute is clear that the reopening of the detention hearing before trial can only take place "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C.3142(f). See *United States v. Dillon,* 938 F.2d 1412 (1st Cir. 1991), *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232 (D.P.R. 2006) In its motion, the government has not brought any information that was not known to the them at the time the detention hearing was held. Therefore, the government's request to reopen the detention hearing should be denied and the hearing set for April 28th, 2021, vacated.

Moreover, the government makes arguments and cites case law related to a presumption of detention. This is not a presumption case because Mr. Casillas has never been convicted of an offense described in 18 U.S.C. 3142(f)(1), he was not on release status when he was arrested for the instant offense and the instant offense is not an listed in 18 U.S.C. 3142(e)(3).

The Magistrate Judge considered the information provided by the government in this motion and considered that Mr. Casillas is nineteen years old with a potential for rehabilitation. He currently participates in a gypsum board installation course being provided by the Peace and

Development Program from Taller Salud in Canóvanas. As a student he provides volunteer community service working on the renovation of a rehabilitation center.

In addition, if the court does not vacate the hearing, the undersigned opposes that the same be held in presence. The Federal Public Defender's Office has rooms available for the same to be held by videoconference. Additional explanation related to health concerns would be submitted in a separate restricted motion.

**WHEREFORE**, it is respectfully requested that this Honorable Court take note of the above-stated and deny the government's petition for a De Novo hearing and vacate the same set for April 28th, 2021.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of April 2021.

**ERIC VOS**
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF PUERTO RICO**

*S/CARMEN CORAL RODRIGUEZ*
CARMEN CORAL RODRÍGUEZ
Assistant Federal Public Defender
USDC - PR 224808
241 F. D. Roosevelt Avenue
San Juan, PR  00918-2305
Tel.  (787) 281-4922
coral_rodriguez@fd.org